IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-00-108 |
| | § | |
| PEDRO MARTINEZ-JAIMEZ, | § | |
| Petitioner. | § | |
| (C.A. NO. B-01-119) | § | |

## RESPONSE AND MOTION TO ORDER HEARING ON
## MOTION FOR RELIEF UNDER 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the Government" files this response and

motion to order for hearing under 28 U.S.C. §2255 filed by Pedro Martinez-Jaimez,

"Martinez", and in support thereof would respectfully show the court the following:

I.

## JURISDICTION

A.    Procedural history.

Martinez was indicted in the United States District Court for the Southern

District of Texas on January 4, 2000.  In the indictment, Martinez was charged with

illegal re-entry in violation of 8 U.S.C. §§1326(a), and (b) (DOC 1)[1].  On April 13,

---

[1]The first number in the DOCument cite relates to the number given the document in the
criminal docket sheet. The second number within the DOC cite relates to the page number of the

2000, Martinez plead guilty to the indictment without a plea agreement (DOC. 11; PSR 3). On July 10, 2000, Martinez was sentenced to a seventy-month (70) term of imprisonment to be followed by a three-year term of supervised release (DOC 19). The judgement was entered on July 25, 2000 (DOC 19).

No appeal has been filed on behalf of Martinez.

Martinez timely filed his motion for relief under 28 U.S.C. §2255, Civil Action No. B-00-119, on July 2, 2001 (DOC 1).

B.    Basis of jurisdiction

Martinez invoked this Court's jurisdiction under 28 U.S.C. §2255. A Section 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a Section 2255 motion "is warranted for errors that occurred at trial or sentencing." *Id*. In his petition, he alleges four grounds of error: 1) he complains that his right to appeal be restored on the grounds his trial counsel rendered constitutionally infirm assistance by failing to file notice of appeal as directed (Petition); 2) he complains his trial counsel rendered constitutionally infirm assistance by failing to perform pretrial investigation and to provide meaningful

---

document. PSR is the presentence investigation report. PSR.Add. Refers to the addendum to the PSR.

advice;  3) his plea of guilty was unknowing and involuntary; 4) the sixteen-level

enhancement represents class-based discrimination.

This Court is properly vested with jurisdiction under 28 U.S.C. §2255 for the

above allegations.

II.

## FACTS UNDERLYING
## THE CONVICTION AND SENTENCE

A.     Sentencing: November 3, 1999.

The facts of the crime are not relevant to this proceeding.

On June 10, 2000, Martinez' sentencing hearing was held.   The district court

sentenced Martinez to seventy (70) months imprisonment to be followed by a three-

year term of supervised release (Sentencing Transcript, p. 8).   Following the

assessment of punishment, the district court admonished Martinez of his right to

appeal and of the ten-day deadline for the filing notice of appeal (Sentencing

Transcript, p. 9).

III.

## CAUSE AND PREJUDICE

To obtain post-conviction relief in a collateral attack, a defendant must show

either:  (1) cause excusing his procedural default and actual prejudice resulting from

the alleged error, *see U. S. v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594

(1982), or (2) that he is actually innocent.   *U. S. v. Shaid*, 937 F.2d 228, 232 (5th

Cir. 1991) (en banc).  A showing of cause requires a showing of some external

impediment that prevented the petitioner from raising the claim.  *See McCleskey v.*

*Zant*, 499  U.S. 467, 497, 111 S.Ct. 1454, 1472 (U.S. Ga., 1991).  Even though

the law may have been settled against him on an issue, "the futility of raising an

objection…cannot alone constitute cause for a failure to object at trial."  *Engle v.*

*Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1982).

"'Actual   innocence'  means  'factual  innocence,  and  not  mere  legal

insufficiency.'"  *Bousley v. U. S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12

(1998); *U. S. v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999).   To prove actual

innocence, the petitioner "must demonstrate that, in light of all the evidence, it is

more likely than not that no fact finder would have convicted him."  *Id.* (citations

and quotations omitted).  Martinez makes no such claims.  The cause-and-prejudice

standard is met by allegation and proof of ineffective assistance of counsel in certain

circumstances. *U. S. v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  Here, as in

*Smith,* Martinez claims he directed his trial counsel to file notice of appeal.  *U.S.*

*v. Smith,* 241 F.3d 546, 2001 WL 111590 * 2 (7th Cir. 2001).  If this were true, it

4

would satisfy the "cause and prejudice" components excusing him from failing to

raise this issue on direct appeal.

Failing demonstration that he directed his attorney to file notice of appeal, to

show prejudice, Martinez must meet a higher standard higher even than plain error.

*Smith*, 241 F.3d 546, 2001 WL 111590 *1. He must show "not merely that the

errors at his trial created a *possibility* of prejudice, but that they worked to his *actual*

and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis

in original). Here, Martinez cannot meet that burden. As discussed below, his

claims are without factual proof or legal basis. He can demonstrate no prejudice.

IV.

## LEGAL PRINCIPLES GOVERNING INEFFECTIVE ASSISTANCE.

Ineffective assistance of counsel claims are generally reviewed under the now

well-established *Strickland* standard: "Whether counsel's conduct so undermined

the proper functioning of the adversarial process that the trial court cannot be relied

on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686,

104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029,

1034 (2000). To succeed on such a claim, a petitioner must first show that his

counsel's performance fell below an objective standard of reasonableness. *Id.* at

688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must

5

be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *U.S. v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

A.    Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance.  The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

To prevail on his claims, Martinez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial.  To this end the court will indulge a

strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.*

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *U.S. v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

Even if Martinez demonstrates that his counsel provided constitutionally infirm representation, Martinez must also demonstrate prejudice. Although Martinez need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.,* 531 U.S. 198, *203, 121 S.Ct. 696, **700 (2001).

B.    Loss of appellate rights

Regarding Martinez's "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only

7

prejudice required is the loss of the right to appeal. *Rodriguez v. U.S.*, 395 U.S. 327, 89 S.Ct. 1715, 1717 (1969).

Here, the Government believes the record will demonstrate Martinez made a deliberate decision to not appeal prior to the expiration of his ten-day deadline. If the final record reveals that Martinez did not direct his trial counsel to file notice of appeal, Martinez' claim fails on this point. If the court concludes Martinez did direct his trial counsel to file notice of appeal within the time period provided, Martinez' right to appeal should be reinstated. *U.S. v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999); *U.S. v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *U.S. v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *U.S. v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## V.

## <u>LEGAL PRINCIPLES GOVERNING INVOLUNTARY PLEA</u>

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."   *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir.2000), *cert. denied*, — U.S. —, 121 S.Ct. 2220 (U.S. Jun 4, 2001).  The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, FEDERAL PRACTICE and PROCEDURE §172, 142-44 (3d ed.1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with *Id*. §173, 171-73(stating that a plea is not knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term").  *U.S. v. Hernandez*,  234 F.3d 252, 254-255 (5th Cir. 2000).   To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).   The defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur.  See *Trujillo v. U.S.*, 377 F.2d 266, 266 (5th Cir. 1967).

During the plea proceedings, the U.S. Magistrate Judge found that Martinez fully understood the charges against him and his constitutional and statutory rights that his  plea was made freely and voluntarily (DOC. 13).   The record thus demonstrates that Martinez entered his plea voluntarily and that his contention that his plea was not voluntary does not entitle him to §2255 relief.  *U.S. v. Drummond*, 910 F.2d 284, 285-86 (5th Cir. 1990)(although no 'direct' evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing), See *Diggs v. U.S.*, 447 F.2d 460 (5th Cir. 1971).

VI.

## MOTION FOR HEARING

A.    Martinez' factual claims and ground for relief.

1.    Ineffective assistance

a.    Failing to file Notice of Appeal

Martinez proceeds from the proposition that he directed his attorney to file notice of direct appeal and his attorney failed to do so.   His trial attorney has declined to provide an affidavit regarding the matter, preferring to offer evidence under court order.   This issue remains unresolved absent a hearing on the matter.

Martinez' instant claim requires a credibility analysis by the court, prudence would dictate an evidentiary hearing on the matter, regardless. *U.S. v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

b.  <u>Failing to investigate and provide meaningful advice including collateral consequences of conviction</u>

Martinez alleges his trial counsel provided him constitutionally infirm representation by not investigating the facts surrounding the charges against him, and in failing to meaningful advice regarding defense strategies and collateral consequences of his plea.

Although Martinez is entitled to "effective assistance" of counsel in investigating available defense strategies and in determining whether to plead guilty, Martinez does not explain how he was prejudiced by his counsel's "failure". *Childress v. Johnson*, 103 F.3d 1221, 1227 (5th Cir. 1997). Trial counsel had access to Martinez' I.N.S. A-file, which would disclose the potential of any defense to illegal entry. Martinez does not suggest any defenses available to him for illegal entry.

Failure to advise Martinez of collateral consequences of his plea do not constitute ineffective assistance. *U.S. v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993).

Failure to inquire into "fast tracking" his case does not constitute ineffective

assistance as, to the undersigned's understanding, "fast tracking" was only available

to transporting alien cases, not illegal entry cases.

      c.    Sixteen-level enhancement represents a violation of the Equal
             Protection clause.

Martinez argues that, as only aliens are exposed to the sixteen-level

enhancement, it represents a violation of the Equal Protection clause. It is irrelevant

that United States citizens by definition are not exposed to the application of the

sixteen-level enhancement, unless the statute is considered to create a classification

based on alienage. See, e.g., *Graham v. Richardson*, 403 U.S. 365, 370-72 (U.S.

Ariz., 1971)("Aliens as a class are a prime example of a 'discrete and insular

minority [see *U.S. v. Carolene Products Co.*, 304 U.S. 144, 152-53, n. 4 (1938)]

for whom such heightened judicial solicitude is appropriate;" thus restricting welfare

benefits on basis of alienage unconstitutional). However, there is a distinction

between statutes which classify based on alienage and statutes which classify based

on criminal actions. Given Congress' plenary power over immigration, imposing

different rules on immigrants versus citizens does not in itself create a suspect

classification. *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (power to expel aliens is a

fundamental sovereign attribute exercised by political departments of government

12

and largely immune from judicial control); see also *Plyler v. Doe*. 457 U.S. 202,

223-225 (U.S. Tex., 1982) ("Undocumented aliens cannot be treated as a suspect

class because their presence in this country in violation of federal law is not a

'constitutional irrelevancy.'...it is 'a routine and normally legitimate part' of the

business of the Federal Government to classify on the basis of alien status ... and to

'take into account the character of the relationship between the alien and this

country.'").    Accordingly, there is no basis for Martinez' Equal Protection

argument.   Martinez' argument that the wide scope of "aggravated felonies" under

§2L1.2 renders the enhancement thereunder unconstitutional is also without legal

support.   It is neither irrational nor unconstitutional to apply the sixteen-level

enhancement on the basis of such wide ranging "aggravated felonies".   *U.S. v.*

*Polanco*, 47 F.3d 516, 518 (2nd Cir. 1995).

13

## VIII.

## CONCLUSION

The Government prays that the court hold an evidentiary hearing on Martinez'

claims which are cognizable under §2255 and for which the record before the court

is insufficient in which to rule.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By:

Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No.  9314
600 E. Harrison, # 201
Brownsville, TX 78520
(956) 548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing
Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this
the _10_ day of September, 2001, via certified mail, return receipt requested to

Mr. Perdro Martinez-Jaimez
Reg. No. 33911-080
FCI Forrest City
Forrest City, Texas, 72336-9000

Mark M. Dowd
Assistant United States Attorney

14