/7

United States District Court
Southern District of Texas
ENTERED

JUN 2 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

PEDRO MARTINEZ-JAIMEZ,          §
Petitioner,                     §
                                §
v.                              §          CIVIL ACTION NO. B-01-119
                                §          CRIMINAL NO. B-00-108
UNITED STATES OF AMERICA,       §
Respondent.                     §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pedro Martinez-Jaimez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set

Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255

Application should be DENIED.

### BACKGROUND

On January 4, 2000, Petitioner was charged by indictment with illegal reentry in violation

of Title 8 U.S.C. §§ 1326(a) and 1326(b). Petitioner pleaded guilty to the indictment on April

13, 2000 without a plea agreement. On July 10, 2000, Petitioner was sentenced to a seventy (70)

month term of imprisonment to be followed by a three year term of supervised release. The

judgment was entered on July 25, 2000. Following the assessment of punishment, the District

Court admonished Petitioner of his right to appeal and of the ten-day deadline for the filing of

notice of appeal. No appeal was filed on behalf of Petitioner. On July 2, 2001, Petitioner filed

this timely 28 U.S.C. § 2255 Application.

1

## ALLEGATION

In Petitioner's original 28 U.S.C. § 2255 Application, Petitioner claimed: (i) ineffective assistance of counsel; (ii) that his plea was rendered unknowingly and involuntarily; (iii) that his sentence was indiscriminately enhanced sixteen levels without a hearing to determine the facts; and (iv) that the sentence was unduly harsh because it is applied only to aliens like Petitioner.

Petitioner's TRAVERSE to the Government's response raised additional grounds of error: (i) ineffective assistance of counsel for failure to file a timely notice of appeal or to explain appellate rights or other post-conviction remedies such as the right to relief, pursuant to 28 U.S.C. § 2255; (ii) defective indictment under *Apprendi v. New Jersey*[1] and for failure to allege a "mens rea"; and (iii) the charges filed against Petitioner violate the Equal Protection Clause of the United States Constitution because 8 U.S.C. §1326 violations are disproportionately filed against people of Mexican heritage via impermissible and unconscionable racial animus.

In a response to the Government's response, Petitioner's court-appointed attorney filed a brief that alleged cruel and unusual punishment in that the sentence entered by the court was "excessive" and "grossly out-of-proportion" to the severity of the crime in violation of the Eighth Amendment.

This Court interprets Petitioner Martinez-Jaimez's § 2255 Petition to allege the following:

1.) Ineffective assistance of counsel;

2.) Involuntary plea;

3.) Defective indictment under *Apprendi* and for failure to allege a "mens rea";

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

4.) Equal Protection Clause violations based on racial discrimination;

5.) Eighth Amendment violations of cruel and unusual punishment; and

6.) Indiscriminate sixteen-level enhancement of sentence.

## ANALYSIS

### 1. Ineffective Assistance of Counsel Claim

The constitutional standard for determining whether a criminal defendant has been denied

the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by

the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so
> defective as to require reversal of a conviction or death sentence has
> two components. First, the defendant must show that counsel's
> performance was deficient. This requires showing that counsel made
> errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious
> as to deprive the defendant of a fair trial, a trial whose result is
> reliable.[2]

In order to demonstrate that his attorney's performance was constitutionally deficient, a

convicted defendant must show that counsel's representation "fell below an objective standard of

reasonableness."[3] In so doing, a convicted defendant must carry the burden of proof and

overcome a strong presumption that the conduct of his trial counsel falls within a wide range of

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

reasonable professional assistance.[4] The courts are extremely deferential in scrutinizing the

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[5] It

is strongly presumed that counsel has rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment.[6] An attorney's strategic choices,

usually based on information supplied by the defendant and from a thorough investigation of

relevant facts and law are virtually unchallengeable.[7] Counsel is required neither to advance

---

[4] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

[5] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, *citing Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[6] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[7] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct

4

every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[8] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[9] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[10]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[11] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

---

further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (deciding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[8] *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[9] *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[10] *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); *Jones v. Jones*, 163 F.3d at 303.

[11] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

5

the judgment."[12]  "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[13]  In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[14]  The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[15]

In this case, Petitioner claims that his counsel was ineffective because the attorney failed to file a timely notice of appeal or to explain appellate rights or other post-conviction remedies such as the right to relief, pursuant to 28 U.S.C. § 2255.  However, Petitioner did not instruct his attorney to file a direct appeal.    In fact, the record will show that Petitioner and his attorney discussed the possibility of filing a direct appeal or a § 2255 Petition.  Petitioner chose not to file a direct appeal in hopes of promptly filing a 2255.[16]  None of these reasons even come close to triggering ineffective assistance of counsel under the *Strickland* line of cases, and this claim should be treated as frivolous.

---

[12] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[13] *Id.*

[14] *See Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[15] *See Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[16] Evidentiary Hearing Record, p. 36-38.

## 2. Involuntary Plea Claim

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."[17]  A plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature.[18]  A plea is not knowing unless, among other things, the defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term."[19]  To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence."[20]  The defendant need only understand the direct consequences of the plea.[21]

In this case, Petitioner alleges that his plea was rendered unknowingly and involuntarily. The Due Process Clause requires a guilty plea to be entered into knowingly, voluntarily, and intelligently.[22]  During the plea proceedings, the U.S. Magistrate Judge found that Martinez-Jaimez fully understood the charges against him, his constitutional and statutory rights, and that his plea was made freely and voluntarily.  The record demonstrates that Martinez-Jaimez entered his plea knowingly, voluntarily, and intelligently, and therefore was not a violation of due

---

[17] *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1027 (2001).

[18] Wright, Charles Alan, *Federal Practice and Procedure*, § 172, 142-44 (3d ed. 1999).

[19] Id. at § 173, 171-73.

[20] *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

[21] *See Trujillo v. United States*, 377 F.2d 266, 266 (5th Cir. 1967), *cert. denied*, 389 U.S. 899 (1967).

[22] *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1027 (2001).

process. Thus, he is not entitled to § 2255 relief.[23]

### 3. Defective Indictment Claim

Petitioner claims that the indictment charging him with violations of 8 U.S.C. §§ 1326(a) and 1326(b) was defective under *Apprendi v. New Jersey*. Martinez-Jaimez's claim that his conviction violates *Apprendi,* is without merit. *Apprendi* claims are not cognizable on collateral review, nor is *Apprendi* retroactive to cases on collateral review by circuits.[24]

Petitioner also claims that the indictment was defective for failure to allege a "mens rea." This claim is also without merit. Although the statute's plain language does not include a mens rea requirement, § 1326 is a general intent offense.[25] Pursuant to the text of § 1326, the government is required to allege only (1) that the defendant was an alien, (2) that he was "deported" as that term is contemplated by the statute, (3) that he subsequently was found within the United States; and (4) that he did not have the consent of the Attorney General to reapply for admission.[26] Accordingly, in prosecuting a § 1326 offense, the government must show that the defendant had the general intent to reenter the United States. Such a general intent may be inferred by the fact that a defendant was previously "deported," as that term is contemplated in the statute, and subsequently "found in" the United States.[27] The general intent element in a §

---

[23] *United States v. Drummond*, 910 F.2d 284, 285-286 (5th Cir. 1990) (although no 'direct evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); *See Diggs v. United States*, 447 F.2d 460 (5th Cir. 1971).

[24] *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).

[25] *United States v. Guzman-Ocampo*, 236 F.3d 233, 238-239 (5th Cir. 2000).

[26] *Id*. at 237.

[27] *See United States v. Guzman-Ocampo*, 236 F.3d 233; *United States v. Hernandez-Landaverde*, 65 F. Supp. 567, 572 (S.D. Tex. 1999).

8

1326 offense is satisfied by an affirmative allegation in the indictment that the defendant was "found in" the United States after being properly "deported."[28]

In this case, Petitioner's indictment stated that "Pedro Martinez-Jaimez, an alien who had previously been ... deported, ... knowingly and unlawfully was present in the United States having been found in Willacy County, Texas."[29] The language of the charges in Petitioner's indictment clearly satisfies the general intent requirement and alleges the "mens rea" element. Therefore, Petitioner's indictment is sufficient, and his claims of a defective indictment should be dismissed.

### 4. Equal Protection Clause Violations Claim

Petitioner's fourth claim alleges Equal Protection Clause violations of selective prosecution based on racial discrimination. Petitioner claims the charges filed against him violate the Equal Protection Clause of the United States Constitution because 8 U.S.C. § 1326 violations are disproportionately filed against people of Mexican heritage via impermissible and unconscionable racial animus.

To establish a prima facie case of selective prosecution, Petitioner must prove that (i) others similarly situated generally had not been prosecuted for conduct similar to Petitioner's and (ii) the Government's discriminatory selection was based on impermissible grounds such as race, religion, or exercise of First Amendment rights.[30] Petitioner's claim that 8 U.S.C. § 1326 violations are disproportionately filed against people of Mexican heritage is without merit.

---

[28] *Id.*

[29] *United States v. Martinez-Jaimez* Criminal No. B-00-108, Doc. 1.

[30] *Wayte v. United States*, 470 U.S. 598, 605, 105 S. Ct. 1524 (1985).

9

Congress specified certain punishments for aliens whose deportation was subsequent to a

conviction for commission of a felony. This policy justifies distinguishing between aliens with

prior convictions and citizens with prior convictions.[31] The fact that all persons, aliens and

citizens alike, are protected by the Due Process Clause does not lead to the further conclusion

that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion

that all aliens must be placed in a single homogeneous legal classification. For a host of

constitutional and statutory provisions rest on the premise that a legitimate distinction between

citizens and aliens may justify attributes and benefits for one class not accorded to the other; and

the class of aliens is itself a heterogeneous multitude of persons with a wide-ranging variety of

ties to this country.[32] Petitioner's claim that § 1326 violations are disproportionately filed against

people of Mexican heritage does not serve as a basis for an Equal Protection Clause violation,

and should be dismissed.

### 5. Eighth Amendment Violations Claim

Petitioner's fifth claim alleges cruel and unusual punishment in that the sentence entered

by the court was "excessive" and "grossly out-of-proportion" to the severity of the crime in

violation of the Eighth Amendment. A punishment is "excessive" and unconstitutional if it (1)

makes no measurable contribution to acceptable goals of punishment and hence is nothing more

than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of

proportion to the severity of the crime.[33] A sentence within the limits set by a valid statute may

---

[31] See U.S. v. Adeleke, 968 F.2d 1159, 1160-1161 (11th Cir. 1992).

[32] Mathews v. Diaz, 426 U.S. 67, 78 (1976).

[33] Coker v. Georgia, 433 U.S. 584, 592 (1977).

10

not be overturned on appeal as cruel and unusual punishment unless the sentence is so "grossly out of proportion to the severity of the crime" as to shock our sense of justice.[34]

In this case, Petitioner had a total offense level of twenty-one (21) and his Criminal History Category was V. The imprisonment range was seventy (70) to eighty-seven (87) months. Petitioner received seventy (70) months imprisonment, which was the minimum of the guideline range. Petitioner's punishment is within the limits set by the United States Sentencing Guidelines, and there was no compelling reason to depart from the guidelines. This claim should also be dismissed because the sentence entered by the court complied with the sentencing guidelines and was neither "excessive," nor "grossly out of proportion" as to violate the Eighth Amendment.

### 6. Indiscriminate Enhancement Claim

Petitioner's final claim alleges that his sentence was indiscriminately enhanced sixteen (16) levels without a hearing to determine the facts. This claim is frivolous and without merit. The sixteen (16) level enhancement is warranted according to the sentencing guidelines, and the record reflects that the facts of the case were presented. Therefore, this case should be dismissed summarily in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings.

### RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[34] *See United States v. Vega-Mejia*, 611 F.2d 751, 753 (9th Cir. 1979).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[35]

DONE at Brownsville, Texas, this 21st day of June, 2002.

Felix Recio
United States Magistrate Judge

---

[35] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).