*18*

United States District Court
Southern District of Texas
FILED

JUL 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| UNITED STATES OF AMERICA, | )( |
|---|---|
| Respondent | )( |
|  | )( |
| vs. | )( C.R. NO. B-00-108 |
|  | )( |
| PEDRO MARTINEZ-JAIMEZ | )( |
| Petitioner | )( |
| (C.A. No. B-01-119) | )( |

## PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Pedro Martinez-Jaimez, files these objections to the June 21, 2002 Magistrate Judge's Report and Recommendation, and in support thereof, would respectfully show the Court the following:

### I. BACKGROUND

Petitioner agrees with Magistrate's interpretation of the procedural history of this cause and in the interest of brevity will not repeat it.

### II. OBJECTIONS LIMITED TO RECOMMENDATIONS No. 4 & 5

Petitioner disputes the Magistrate Judge's claim in Recommendation No. 4 that 8 U.S.C. Sec. 1326(b) violations are not disproportionately filed against people of Mexican heritage, and that such 8 U.S.C. 1326( b) charges do not reflect any

1

unconstitutional and unconscionable racial animus. Petitioner makes no claim that any person in the Southern District of Texas engaged in any such behavior. Petitioner, rather, claims that the de facto result of 8 U.S.C. 1326(b) is that persons of Mexican heritage are being overwhelmingly affected by such charges, as opposed to other persons, especially of non-Hispanic origin. Petitioner further claims that Congress, when this law was passed, must have been fully cognizant of the fact that persons of Mexican heritage comprised substantially the greater portion of illegal immigrants entering the United States, and that by passing a law to punish in the manner in which 8 U.S.C. 1326(b) punishes, reflects Congress' clear intent to punish persons of Mexican heritage under the guise that the "class of aliens is itself a heterogenous multitude of persons with a wide-ranging variety of ties to this country," [Magistrate's Report (hereinafter, MR), p. 10.] when in fact that class of aliens is preponderantly of Mexican heritage.

Petitioner further objects to Recommendation No. 5 because it misplaces the emphasis Petitioner claims is at issue here: proportionality versus changes standards of human decency. The Supreme Court has noted previously that the eighth amendment is affected by "evolving standards of decency that mark the progress of a maturing society." <u>Thompson v. Oklahoma</u>, 487 U.S. 815, 825, 108 S.Ct. 2687, 2692 (1988), referring to <u>Trop v. Dulles</u>, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2

L.Ed.2d 630 (1958) (plurality opinion) (Warren, C.J.). As noted previously, Petitioner again states that contemporary standards of decency are determined by the state of the law at a particular moment, as is found in cataloging state and international law about whether a particular form of punishment might be considered cruel and unusual and violative of the Eight Amendment ban. Again, petitioner notes that the case law indicates that " punishment should be directly related to the personal culpability of the criminal defendant." California v. Brown, 479 U.S. 538, 545, 107 S.Ct. 837, 841, 93 L.Ed.2d 934 (1987) (O'CONNOR, J., concurring) All punishment essentially has two rationales. "retribution and deterrence ... by prospective offenders." Gregg v. Georgia, 428 U.S. 153, 183, 96 S.Ct. 2909, 2929-30, 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and STEVENS, JJ.), referring to the death penalty in this Gregg case. Were the Government to make a claim that 8 U.S.C. 1326(b) is a form of retribution would justify claims that Petitioner was subject to punishment merely for his status. From what Petitioner gleans from the Government's argument, it is clear that the Government argues that Congress justified 8 U.S.C. 1326(b)as a form of detererence.

    Petitioner's argument thus falls within the issues dealt with in Thompson, i.e., whether a particular punishment can "be expected to make, any measurable contribution to the goals that .... [the] punishment is intended to achieve." If the

3

punishment does not make any measurable contribution to those goals, then it is, therefore, "nothing more than the purposeless and needless imposition of pain and suffering," Id, Thompson, 487 U.S. 815, 838, referring to <u>Coker v. Georgia</u>, 433 U.S., at 592, 97 S.Ct., at 2866, and thus an unconstitutional punishment. Absent some proof by the Government that the law is working to deter, the law cannot stand if it does not contribute to the goals set out originally.

III.

For the above noted reasons, Petition requests that his Sec. 2255 Petition be granted and that he receive a new trial in his cause.

Respectfully Submitted,

_____
Philip T. Cowen
Law Office of Philip Cowen
500 E. Levee St.,
Brownsville, Texas 78520
Tel. 956-541-1691
Fax 956-5441-6872
State Bar No. 24001933
Fed. I.D. 21717

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing <u>PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,</u> has been

served on the following interested parties by hand delivery:

Michael T. Shelby,
United States Attorney c/o
Hon. Michael Dowd
Assistant United States Attorney
600 E. Harrison St.
Suite 201
Brownsville, Texas 78520

BY _____
   Philip T. Cowen