IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO MARTINEZ JAIMEZ, | § | |
| Petitioner | § | |
| | § | |
| v. | § | CRIMINAL NO. B-00-108-01 |
| | § | |
| UNITED STATES OF AMERICA, | § | C A B-01-119 |
| Respondent. | § | |

## ORDER

BE IT REMEMBERED that on April 22, 2003, the Court **DENIED without prejudice** Petitioner's "Motion to Recall the Sentence Based on New Mandate of the U.S. Court of Appeals for the Fifth Circuit" [Dkt. No. 39].

Petitioner, filing *pro se,* has submitted what the Court will construe as a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. Petitioner pled guilty on April 13, 2000, to the charge of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b). On July 10, 2000, this Court sentenced Petitioner to seventy (70) months imprisonment followed by a three-year term of supervised release. Judgment was entered on July 25, 2000. No appeal was taken. On July 2, 2001, Petitioner filed a timely application under 28 U.S.C. § 2255. In this application, Petitioner claimed: (1) he was afforded ineffective assistance of counsel, (2) his plea was entered unknowingly and involuntarily, (3) his sentence was indiscriminately enhanced 16 levels without a hearing on the facts, and (4) his sentence was unduly harsh because it applied only to aliens like Petitioner. This Court adopted the magistrate's report and recommendation and denied Petitioner's application.

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner now seeks relief based on an alleged sentencing error —namely that since this Court sentenced Petitioner, the Fifth Circuit decided United States v. Chapa-Garza in which it held the Texas felony of driving while

intoxicated (DWI) is not a "crime of violence," and thus not an aggravated felony, for the purpose of sentence enhancement under 8 U.S.C. § 1326(b). 243 F.3d 921 (5th Cir. 2001). In addition, Petitioner alleges the Court erred in its interpretation of the U.S. Sentencing Guidelines and its calculation of Petitioner's sentencing based on a prior conviction for transporting aliens. Petitioner did not raise either of these arguments in his first section 2255 application despite the fact that Chapa-Garza had been decided approximately four months before Petitioner filed the first application.

A successive motion attacking a sentence under section 2255 must be certified by a panel of the appropriate court of appeals before the district court can review the motion. See 28 U.S.C. § 2244(b)(3)(A). See also In re Epps, 127 F.3d 364 (5th Cir. 1997). "[T]he purpose of this provision [is] to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[inds] that those challenges ha[ve] some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted). Petitioner has not sought authorization from the Fifth Circuit for this successive section 2255 application.

Without the required authorization, the Court is without jurisdiction to review Petitioner's application. The Court therefore **DENIES without prejudice** Petitioner's application [Dkt. No. 39]. Petitioner may seek authorization from the Fifth Circuit to file a successive section 2255 application with the district court. See In re Epps, 127 F.3d at 265.

DONE this 22nd day of April, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge