United States District Court
Southern District of Texas
FILED

JUN 2 5 2003

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

JUN 2 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PEDRO MARTINEZ JAIMEZ, §<br>Petitioner §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>Respondent. § | CIVIL NO. B-01-119 |

## ORDER

BE IT REMEMBERED that on June 25, 2003, the Court **TRANSFERRED** the Petitioner's habeas petition to the Fifth Circuit for a determination of whether authorization to file the successive petition should be granted.

On April 22, 2003, the Court denied without prejudice Petitioner's "Motion to Recall the Sentence Based on New Mandate of the U.S. Court of Appeals for the Fifth Circuit" [Dkt. No. 20]. At that time, this Court construed Petitioner's motion as a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. The Court denied without prejudice the petition, however, because the petition was a successive motion attacking a sentence. A successive petition under section 2255 must be certified by a panel of the appropriate court of appeals before the district court can review the motion. See 28 U.S.C. § 2244(b)(3)(A). See also In re Epps, 127 F.3d 364 (5th Cir. 1997) (holding that both state and federal prisoners must file a motion for authorization with the court of appeals for successive habeas corpus relief before a successive petition may be filed in the district court). "[T]he purpose of this provision [is] to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[inds] that those challenges ha[ve] some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted).

Without the required authorization, this Court determined in its previous order that it was without jurisdiction to review Petitioner's application. After transfer to the Court of Appeals, petitioner may seek authorization from the Fifth Circuit to file a

successive section 2255 application with the district court. See In re Epps, 127 F.3d at 365. If petitioner files a motion for authorization, the Fifth Circuit will determine whether Petitioner's successive motion satisfies the substantive requirements of 28 U.S.C. § 2244(b)(3), and thus whether Petitioner is allowed to file his successive petition with this Court.

DONE this 25th day of June, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge