-
United States District Court
Southern District of Texas
ENTERED

OCT 2 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PEDRO MARTINEZ JAIMEZ, § <br> Petitioner § <br> § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | CRIMINAL NO. B-01-119 |

### ORDER

Before the Court is Petitioner Pedro Martiniez Jaimez's "Notice of Appeal" [Dkt. No. 21]. The Court will construe Petitioner's Notice as an Application for a Certificate of Appealability. Petitioner's Application for a Certificate of Appealability is **DENIED**.

### I. BACKGROUND

Petitioner pled guilty on April 13, 2000, to the charge of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b). On July 10, 2000, this Court sentenced Petitioner to seventy (70) months imprisonment followed by a three-year term of supervised release. Judgment was entered on July 25, 2000. No appeal was taken. On July 2, 2001, Petitioner filed a timely application under 28 U.S.C. § 2255. In this application, Petitioner claimed: (1) he was afforded ineffective assistance of counsel, (2) his plea was entered unknowingly and involuntarily, (3) his sentence was indiscriminately enhanced 16 levels without a hearing on the facts, and (4) his sentence was unduly harsh because it applied only to aliens like Petitioner. This Court adopted the Magistrate Judge's Report and Recommendation and denied Petitioner's application.

On April 22, 2003, the Court denied without prejudice Petitioner's second petition, entitled a "Motion to Recall the Sentence Based on New Mandate of the U.S. Court of Appeals for the Fifth Circuit" [Dkt. No. 20]. In this second petition, Petitioner sought relief based on an alleged sentencing error –namely that since this Court sentenced Petitioner, the Fifth Circuit decided United States v. Chapa-Garza in which it held the Texas felony of driving while intoxicated (DWI) is not a "crime of violence," and

thus not an aggravated felony, for the purpose of sentence enhancement under 8 U.S.C. § 1326(b). 243 F.3d 921 (5th Cir. 2001). In addition, Petitioner alleged the Court erred in its interpretation of the U.S. Sentencing Guidelines and its calculation of Petitioner's sentencing based on a prior conviction for transporting aliens. Petitioner did not raise either of these arguments in his first section 2255 application despite the fact that Chapa-Garza had been decided approximately four months before Petitioner filed the first application. As a result, this Court denied without prejudice the petition because it was a successive motion attacking a sentence. A successive petition under section 2255 must be certified by a panel of the appropriate court of appeals before the district court can review the motion. See 28 U.S.C. § 2244(b)(3)(A). See also In re Epps, 127 F.3d 364 (5th Cir. 1997) (holding that both state and federal prisoners must file a motion for authorization with the court of appeals for successive habeas corpus relief before a successive petition may be filed in the district court). "[T]he purpose of this provision [is] to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[inds] that those challenges ha[ve] some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted).

    Without the required authorization, this Court determined in its April 22, 2003, order that it was without jurisdiction to review Petitioner's second application. After transfer to the Court of Appeals, a petitioner may seek authorization from the Fifth Circuit to file a successive section 2255 application with the district court. See In re Epps, 127 F.3d at 365. If Petitioner files a motion for authorization, the Fifth Circuit will determine whether Petitioner's successive motion satisfies the substantive requirements of 28 U.S.C. § 2244(b)(3), and thus whether Petitioner is allowed to file his successive petition with this Court.

    Petitioner now files a Notice of Appeal, which the Court construes as an application for a Certificate of Appealability ("CoA") [Dkt. No. 21]. As the Court's procedural recitation explains, this Court initially denied without prejudice Petitioner's successive application, and transferred the case to the Fifth Circuit for a determination concerning authorization to file a successive petition in this Court. This Court

understands the appeal of a denial of a writ of habeas corpus, triggering the need for a certificate of appealability, to entail a different procedure than authorization to file a successive petition. See In re Epps, 127 F.3d at 365. Specifically, "[b]efore a second or successive application [is] permitted . . . the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Indeed, "a motion for authorization 'is a prelude to a collateral attack . . . but is not itself a collateral attack.'" Fierro v. Cockrell, 294 F.3d 674, 681 (5th Cir. 2002) (quoting Holman v. Gilmore, 126 F.3d 876, 879 (7th Cir. 1997)). To date, Petitioner has not received, nor to the knowledge of this Court attempted to receive, such authorization from the Court of Appeals. Nevertheless, the Fifth Circuit clerk's office has informed this Court several times by letter of the need to make a determination concerning a Certificate of Appealability. Rather than prolong this process any longer, and attempt for a second time to transfer the petition to the Fifth Circuit for authorization to file a successive petition pursuant to In re Epps, this Court instead complies with the request of the clerk's office, but **DENIES** Petitioner's Application for a Certificate of Appealability.

## II.   ANALYSIS

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a "certificate of probable cause" ("CPC") was a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief. Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2255, a petitioner must obtain a CoA, and appellate review of a habeas petition is limited to the issues on which a CoA is granted. See 28 U.S.C. § 2253(c)(1)(B) (2002). See also Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997) (holding that the scope of appellate review for the denial of habeas petitions is limited to the issue on which the CoA granted).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If the Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong. See id. at 484. In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484 (emphasis added).

Petitioner makes no claims that detail a denial of a constitutional right, nor does he argue his petition should not be considered a successive petition because the procedure employed by this Court in denying his successive petition is incorrect or debatable amongst reasonable jurists. Finally, he cannot prove that another court would have resolved any of the issues he raised in his second petition differently.

## III.  CONCLUSION

For the reasons set forth above, Petitioner's Application for a Certificate of Appealability is **DENIED**.

DONE at Brownsville, Texas this 22nd day of October, 2003.

Hilda G. Tagle
United States District Judge